ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| JUNTA DE PLANIFICACIÓN<br><br>Querellante-Recurrida<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Querellados<br><br>Y<br><br>LEOCADIO MORALES MOJICA<br><br>Parte con Interés-Recurrente | KLRA202400441 | Recurso de Revisión Decisión Administrativa, Junta de Planificación<br><br>Querella Número: 2023-SRQ-013800<br><br>Sobre: Solicitud certificación |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparecen todos los miembros de la Sucesión del señor Leocadio Morales Mojica (parte recurrente) y el Ing. Nelson Mattei Sánchez (en adelante, "Ing. Mattei") mediante *Recurso de Revisión Administrativa*. En este nos solicita revocar una determinación de la Junta de Planificación de Puerto Rico (en adelante, "Junta de Planificación"). Mediante esta, la Junta ordenó el archivo de la *Querella* instada por la parte recurrente.

Por los fundamentos que exponemos, confirmamos el dictamen recurrido.

## I.

El Ing. Mattei fue contratado por la parte recurrente, quienes son todos propietarios del Lote #2 en la Finca #565,

Número Identificador

SEN2024 _____

ubicada en Trujillo Alto, Puerto Rico (en adelante, "la finca"). El 9 de mayo de 2023, el Ing. Mattei visitó las oficinas de la Autoridad de Carreteras (ACT) y del Departamento de Transportación y Obras Públicas (DTOP) para solicitar una certificación de acceso de la finca. Sostuvo que la finca, en su lado oeste, colinda con la Carretera Estatal PR-181, Km 62.4 (en adelante, "el Expreso"). Arguyó que, en ese lado, había una valla de seguridad rota, creándose un acceso para los vehículos de motor desde o hacia el Expreso. En específico, solicitó que el DTOP y ACT emitieran una certificación sobre si el acceso al Expreso era permitido por ley. No obstante, el personal de las agencias le orientó que tenía que solicitarla, mediante querella, en el portal cibernético de la Oficina de Gerencia de Permisos (OGPe).

El 6 de junio de 2023, el Ing. Mattei presentó una *Querella* contra el DTOP, con número de trámite 2023-SRQ-013800. Solicitó copia del permiso y carta de endoso del acceso del Expreso, y de no ser permitido en ley, peticionó que el DTOP y ACT arreglaran la valla y cerraran el acceso. A su vez, sometió un Memorial Explicativo a la OGPe, que incluía, entre otras cosas, detalles de la propiedad en cuestión y planos de esta. Sin embargo, la OGPe le notificó que su solicitud de certificación tenía que ser canalizada con el DTOP y ACT. Así las cosas, el 30 de junio de 2023, el Ing. Mattei presentó cartas ante el DTOP y ACT, solicitando la certificación por segunda vez.

Por su parte, el DTOP dirigió una carta al Ing. Mattei, el 1 de julio de 2023, e informó que no existía una solicitud de acceso hacia el Expreso. A su vez, sostuvo que el camino en cuestión no está bajo el control o mantenimiento del DTOP.

El 11 de junio de 2024, la Junta de Planificación dictó y notificó la *Resolución de Archivo*, ordenando el archivo de la querella presentada. Su determinación fue basada en una inspección ocular de la finca, realizada el 27 de junio de 2023, por un agente de la Junta de Planificación. Durante la inspección, el agente pudo observar un solar, y dentro de este, un hotel privado junto a un acceso proveniente del Expreso. A su juicio, sostuvo que el mencionado acceso crea una entrada desde el Expreso hacia el hotel localizado en la finca. Según sus hallazgos, concluyó que el DTOP no es el dueño del predio, por lo que no hay remedios en contra de la agencia.

En desacuerdo, el 26 de junio de 2024, la parte recurrente solicitó reconsideración. En síntesis, alegó que la Junta de Planificación basó su determinación en hechos narrados de forma ambigua, no sostenidos por evidencia sustancial, y sin tomar en consideración los documentos presentados por el Ing. Mattei a la OGPe. Aludió que dichos documentos demuestran que el terreno donde ubica la valla de seguridad rota, al igual que la valla en sí, pertenecen al DTOP y ACT. Asimismo, sostuvo que, por razón del DTOP y ACT ser los dueños de la finca, estos son los llamados a arreglar la valla y cerrar el acceso. La moción en cuestión nunca fue acogida por la Junta de Planificación.

Insatisfecha, la parte recurrente acudió ante este Tribunal de Apelaciones y expuso los siguientes señalamientos de error:

A. Erró la Junta de Planificación al no atender en la Resolución las solicitudes del Ing. Mattei que surgen de la Querella y/o Memorial explicativo en forma clara, rápida, justa, económica, asegurando una solución equitativa, el debido proceso de ley y el derecho a la propiedad de la parte Recurrente que optó por someterse al proceso administrativo a través del Single Business Portal en OGPe, a tenor con la Ley Núm. 38-2017.

B. Erró la Junta de Planificación al basar alegadamente su determinación de archivo en el informe de investigación del agente Allende, el cual contiene hechos redactados en forma ambigua, vaga y errónea, sin previamente notificar adecuadamente a las partes el informe, en violación al debido proceso de ley procesal y a la protección del derecho a la propiedad.

C. Erró la Junta de Planificación al no proveer las copias solicitadas por la Parte Recurrente, según requerido mediante "*Urgente Moción Asumiendo Representación Legal y Urgente Moción en solicitud de autorización para examinar expediente y obtener copias*" del 24 de junio de 2024.

La Junta de Planificación presentó su alegato. Con el beneficio de los escritos de ambas partes, resolvemos.

## II.

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Otero Rivera v. Bella Retail Group Inc., 2024 TSPR 70, 213 DPR ___ (2024); Voili Voilá Corp. Et Al v. Mun. Guaynabo, 2024 TSPR 29, 213 DPR ___ (2024); Hernández Feliciano v. Mun. de Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente evidencia para derrotarla. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, supra, pág. 626; Batista, Nobbe v. Jta. Directores, 185 DPR 206, 215 (2012).

Para así lograrlo, corresponde a la parte que las cuestiona "demostrar que existe otra prueba en el expediente que reduzca

o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración." Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 128 (2019); Camacho Torres v. AAFET, 168 DPR 66, 91 (2006).

Por tanto, la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, supra; OCS v. Universal, 187 DPR 164, 178-179 (2012); González Segarra v. CFSE, 188 DPR 252, 276-278 (2013). La jurisprudencia ha definido la evidencia sustancial como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". OEG v. Martínez Giraud, supra; Batista, Nobbe v. Jta. Directores, supra, pág. 216. Así, el criterio rector en estos casos siempre estará guiado por la razonabilidad de la determinación administrativa luego de considerar el expediente administrativo en su totalidad. OEG v. Martínez Giraud, supra.

Para la encomienda de la revisión judicial, la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675, (en adelante, LPAU) dispone que los tribunales se ceñirán a evaluar (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia. Otero Rivera v. Bella Retail Group,

supra; Hernández Feliciano v. Mun. de Quebradillas, supra, pág. 115; Moreno Lorenzo y otros v. Depto. Fam., 207 DPR 833, 839-840 (2021); Capó Cruz v. Jta. Planificación et al., supra.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Voili Voilá Corp. v. Mun. Guaynabo, supra; Hernández Feliciano v. Mun. de Quebradillas, supra; Torres Rivera v. Policía de PR, supra, pág. 628.

A la luz de la mencionada normativa, evaluamos.

### III.

La parte recurrente señala que la Junta de Planificación incidió al determinar que el DTOP no es dueño de la finca objeto de controversia, y, en consecuencia, ordenar el archivo de la *Querella* instada. Reclama además que la Junta de Planificación basó su determinación en un informe de investigación donde los hechos fueron redactados en forma ambigua, vaga y errónea. Procedemos a evaluar.

Surge de los documentos ante nuestra consideración, que la Junta de Planificación realizó una inspección ocular en la propiedad identificada con el mismo número de catastro que la finca, según los documentos provistos por el Ing. Mattei. Durante la inspección, la Junta de Planificación pudo observar que la finca era un solar, con un hotel privado en dicho solar y una entrada a

este desde el expreso. Basándose en los hallazgos encontrados, la Junta de Planificación determinó que el DTOP no era el dueño de la finca, y ordenó el archivo de la querella, por no haber remedio en contra de la agencia.

La determinación de la Junta de Planificación está directamente relacionada a los hallazgos encontrados durante la inspección ocular y el recurrente no los refutó en el recurso que examinamos. Esto es, el recurrente no logró demostrar que la determinación realizada por la Junta de Planificación no está apoyada por evidencia sustancial que consta en el expediente administrativo. Tampoco logró establecer que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia que fue evaluada y sopesada por la Junta de Planificación.

En ausencia de evidencia de que la Junta de Planificación: 1) no fundamentó su decisión con evidencia sustancial; (2) erró en la aplicación e interpretación de sus leyes o reglamentos; 3) actuó arbitrariamente, irrazonablemente, ilegalmente o sin base racional o (4) lesionó derechos constitucionales fundamentales, debemos confirmar su decisión.

**IV.**

Por los fundamentos ante expuestos, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Domínguez Irizarry concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones